UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JACQUELINE GRAHAM,
          Defendant.

No. 16 Cr. 786-02 (NSR)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/2020

NELSON S. ROMÁN, United States District Judge:

    On June 12, 2019, Defendant Jacqueline Graham ("Defendant") was convicted following a jury trial of Conspiracy to Commit Mail, Bank and Wire Fraud in violation of 18 U.S.C. § 1349. On February 28, 2020, the Court sentenced Defendant to 132 months' imprisonment, to be followed by five (5) years of supervised release. Along with executing a judgment of conviction, the Court issued an Order of Restitution in the amount of $694,450.00 and an Order of Forfeiture in the amount of $138,941.86.

    On June 4, 2020, the Defendant filed an Emergency Motion for Sentence Reduction, commonly referred to as a motion for compassionate relief, pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 275. On August 7, 2020, the parties appeared before the Court. Following oral argument, the Court determined it lacked jurisdiction to entertain the motion due to Defendant's pending appeal. See Fed. R. Crim. P. 37. Soon thereafter, Defendant sought leave of the U.S. Court of Appeals for the Second Circuit to have the matter remanded to this Court for the limited purpose of presiding over the motion for compassionate relief. By order of the U.S. Court of Appeals, filed on September 1, 2020, the matter/motion was remanded to this Court. See ECF No. 296. On September 16, 2020, the Court held a hearing. For the following reasons, Defendant's motion is DENIED.

1

18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify or reduce the terms of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The court must find that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i) The court must also consider the factors set forth in section 3553(a) to the extent that they are applicable. *Id.* § 3582(c)(1)(A).

I. **EXHAUSTION**

The Government contends the Court lacks jurisdiction on the basis that the Defendant has not met § 3582(c)(1)(A)'s exhaustion requirement. "Section 3582(c)(1)(A) imposes 'a statutory exhaustion requirement' that 'must be strictly enforced.'" *United States v. Perez*, No. 17 Cr. 513-3 (AT), 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020) (quoting *United States v. Monzon*, No. 99 Cr. 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020). Under Section 3582(c)(1)(A), a defendant must either (1) fully exhaust the administrative process available at the correctional facility or (2) wait for thirty days after serving his or her petition on the warden of the facility. 18 U.S.C. § 3582(c)(1)(A).

When a defendant is not in BOP custody at the time of his or her application for a sentence reduction, courts have found that either (1) the exhaustion requirements were waived or (2) it would be futile to require exhaustion. *See, e.g.*, *United States v. Barajas*, 2020 WL 3976991, at *8 (S.D.N.Y. July 13, 2020); *United States v. Levy*, No. 16-cr-270(ARR), 2020 WL 2393837, at *1 (E.D.N.Y. May 12, 2020) (considering merits of defendant's application where

2

defendant was not in BOP custody and Government agreed that defendant was not in BOP custody and did not assert exhaustion as a bar to his application); *United States v. Sanchez*, No. 18-CR-833 (VSB), 2020 WL 2787654, at *4 (S.D.N.Y. May 29, 2020) (addressing substance of defendant's motion where "Government [did] not challenge [d]efendant's argument that since he is not in BOP custody he need not attempt to exhaust administrative remedies); *United States v. Jepsen*, No. 3:19-cv-00073(VLB), 2020 WL 1640232, at *3 (D. Conn. Apr. 1, 2020) (finding exhaustion because defendant was "essentially caught in a 'Catch-22'; neither the warden at Wyatt nor the BoP will consider his request because of his designation to Wyatt, a non-BoP facility").

Defendant was originally incarcerated at the Grady County Jail in Oklahoma at the time of her initial application. At the time, her attorney contacted the Bureau of Prison ("BOP") to seek compassionate release and was advised that she could make her request "once she arrive[d] at her designated institution." On or about July 20, 2020, after Defendant filed this motion, Defendant was transferred from Grady County Jail to the Oklahoma City Federal Transfer Center, a BOP facility. Thereafter, on or about September 9, 2020, Defendant was transferred from the Oklahoma City Federal Transfer City to Federal Medical Center, Carswell, where she is currently incarcerated.

The Court determines, given the procedure history of this case, Defendant has satisfied the exhaustion requirement of § 3582(c)(1)(A). It is undisputed that at the time of her initial application, Defendant was housed at the Grady County Jail. Grady County Jail is not a BOP facility. Although Defendant's Counsel sought to make an application for compassionate relief at the time, he was instructed not to by BOP counsel. Such an application at the time would have been futile. Moreover, Defendant was moved to multiple correctional facilities between the time

3

she filed her motion and her September 16, 2020 hearing. Though the Government is correct that § 3582(c)(1)(A) imposes an exhaustion requirement, under the circumstances such a requirement would be impractical and untenable. The government's position, in essence, would require Defendant to take aim at a moving target, which is not what the statute intended. As such, the Court finds that Defendant has met the exhaustion requirement.

## II.   EXTRAORDINARY AND COMPELLING REASONS

"The authority to define 'extraordinary and compelling reasons' has been granted to the United States Sentencing Commission, which has defined that term at U.S.S.G. § 1B1.13, comment n.11." *Zukerman*, 2020 WL 1659880 at *5 (citing *United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4-5 (S.D.N.Y. Jan. 8, 2020). "Relevant here, the Commission's policy statement and its corresponding commentary . . . . state that a court may reduce a sentence for 'extraordinary and compelling reasons,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *United States v. Hernandez*, No. 18 Cr. 834-04 (PAE), 2020 WL 1684062, at *2 (S.D.N.Y. Apr. 2, 2020) (quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)). The defendant must also not be "a danger to the safety of any other person or to the community," and "the reduction must be consistent with [the Commission's] policy statement." *United States v. Ramos*, No. 14 Cr. 484 (LGS), 2020 WL 165812, at *1 (S.D.N.Y. Apr. 7, 2020) (citing U.S.S.G. § 1B1.13(2)-(3).)

Medical records indicate Defendant is prediabetic, anemic, suffers from early COPD, and has a history of blood clotting. ECF No. 276, Ex. B at 4. The record also indicates Defendant may suffer from hypertension and is now classified as obese. ECF No. 276, Ex. C. Defendant

4

also reported to probation that she has suffered from other conditions, including lupus. ECF No. 247 at 68-76. The CDC lists COPD, hypertension, and obesity as risk factors for severe illness from COVID-19. *See* CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 16, 2020).

Courts have routinely found defendants with similar conditions meet the "extraordinary and compelling reason" threshold. *See, e.g., United States v. Hernandez*, 2020 WL 389513, at * (S.D.N.Y. July 10, 2020) (finding that extraordinary and compelling circumstances existed where defendant claimed he had COPD, type II diabetes, obesity, and hypertension); *United States v. Scparta*, 2020 WL 1910481, at *9 (S.D.N.Y. Apr. 20, 2020) (granting compassionate release for defendant suffering from "multiple medical issues that make him especially vulnerable to complications from COVID-19," including hypertension, sleep apnea, high blood pressure, and high cholesterol*); United States v. Smith*, 2020 WL 1849748, at *1 (S.D.N.Y. Apr. 13, 2020) (ranting release to 62-year old defendant who suffered from asthma, high cholesterol, blood clots, a thyroid condition, and suspected multiple myeloma).

At the hearing, the Government indicated that on or about August 20, 2020, Defendant tested positive for COVID-19. The Government also indicated Defendant has since recovered from COVID-19 and argued she may now have some degree of immunity to protect her from reinfection. The Government noted that Defendant's symptoms were relatively mild. Defense Counsel suggested that it is possible Defendant's symptoms will reappear or worsen or that she may be re-infected. While the Center for Disease Control ("CDC") reports there have been no confirmed cases of reinfection six months into the pandemic, it cautions that "the number of areas where sustained infection pressure has been maintained, and therefore

reinfections would be most likely, remains limited." *See* CDC, Duration of Isolation and Precautions for Adults with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html. It further states that "[s]erologic or other correlates of immunity have not yet been established." *Id*. It is the Court's understanding that there is no clear scientific consensus as to how long immunity to COVID-19 may last. While some courts have found no "extraordinary and compelling reason" for defendants who tested positive for COVID-19, others have ruled the other way. Compare *United States v. Russo*, 2020 WL 1862294, at *8 (S.D.N.Y Apr. 14, 2020) with *United States v. Malufau*, 2020 WL 4218038, at *1 (D. Hawai'I July 22, 2020). In light of the uncertainty of COVID-19 and Defendant's multitude of underlying conditions, the Court finds that Defendant meets the standard for "extraordinary and compelling [medical] reasons."

### III.     18 U.S.C. § 3553(a) FACTORS

The § 3582(c)(1)(A) analysis requires courts to "consider[] the factors set forth in section 3553(a) to the extent they are applicable." *United States v. Gentille*, No. 19 Cr. 590 (KPF), 2020 WL 1814158, at *4 (S.D.N.Y. Apr. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). The factors include: (1) 'the nature and circumstances of the offense and the history and characteristics of the defendant;' (2) 'the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;' (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;' (4) the sentencing guidelines; and (5) 'the need to provide

restitution to any victims of the offense. *Ramos*, 2020 WL 1685812 at *2 (quoting 18 U.S.C. § 3553(a)).

While Defendant's crime was nonviolent, there is a strong need for her to serve the sentence that was imposed. Defendant committed a serious and complex crime. ECF No. 288 at 31. She was the architect of a national scheme that involved large sums of money and many victims. *Id*. The nature of her crime was sophisticated and involved Defendant attempting to move funding overseas. Defendant has only served approximately 20 months of her sentence, less than 20% of the total 132 months.1 A release after serving such a short portion of Defendant's sentence would not serve the principles of deterrence or reflect the seriousness of the crime she committed. *See, e.g.*, *United States v. Itzchaki*, 2020 WL 4194800, at *2 (S.D.N.Y. July 21, 2020) (rejecting compassionate release application on basis that section 3553(a) factors counseled against release because, in part, defendant "served approximately 14 percent of his sentence, which was imposed for two separate fraud schemes); *Zemlyansky*, 2020 WL 3638425 at *2 (defendant only served 33% of sentence); *Danilovich*, 2020 WL 3642246 at *2 (defendant only served 16% of sentence).

As such, the Court finds that the 18 U.S.C. § 3553(a) factors outweigh Defendants "extraordinary and compelling reasons" warranting compassionate release.

## IV.    FURLOUGH

Defendant suffers from a multitude of medical ailments. These ailments, coupled with the unique threat the COVID-19 pandemic poses to incarcerated individuals may put Defendant at a heightened risk of suffering severe COVID-19 complications. The Court respectfully urges BOP to consider temporarily releasing Defendant pursuant to 18 U.S.C. § 3622(a) for a

---

1 Defendant was remanded on June 12, 2019, following her conviction. She was also detained pretrial between March 20, 2017 and September 7, 2017. ECF No. 276 at 2.

7

minimum of six months and until such time as the COVID-19 risk has abated. *See United States v. Stahl*, 2020 WL 1819986 (S.D.N.Y. April 10, 2020). Accordingly, no later than October 19, 2020, the Government is directed to advise the Court whether BOP intends to release Defendant temporarily pursuant to 18 U.S.C. § 3622(a).

For the reasons noted above, Defendant Jacqueline Graham's Emergency Motion for Sentence Reduction, filed June 4, 2020, is HEREBY DENIED.

Dated: September 17, 2020  
White Plains, New York

SO ORDERED.

_____  
NELSON S. ROMÁN  
United States District Judge