UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/13/2021
```

UNITED STATES OF AMERICA,

-against-

JACQUELINE GRAHAM,
                       Defendant.

No. 16 CR 786 (NSR) (02)

ORDER

NELSON S. ROMÁN, United States District Judge:

On June 12, 2019, Defendant Jacqueline Graham ("Defendant") was convicted following a jury trial of Conspiracy to Commit Mail, Bank and Wire Fraud in violation of 18 U.S.C. § 1349. On February 28, 2020, the Court sentenced Defendant to 132 months' imprisonment, to be followed by five (5) years of supervised release. Along with executing a judgment of conviction, the Court issued an Order of Restitution in the amount of $694,450.00 and an Order of Forfeiture in the amount of $138,941.86.

On June 4, 2020, the Defendant filed an Emergency Motion for Sentence Reduction, commonly referred to as a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 275.) On August 7, 2020, the parties appeared before the Court. Following oral argument, the Court determined it lacked jurisdiction to entertain the motion due to Defendant's pending appeal. *See* Fed. R. Crim. P. 37. Soon thereafter, Defendant asked the U.S. Court of Appeals for the Second Circuit remand the matter to this Court for the limited purpose of adjudicating a motion for compassionate release. By order of the U.S. Court of Appeals, filed on September 1, 2020, the matter was remanded to this Court for the purpose of adjudicating the compassionate release motion. (*See* ECF No. 296.) On September 16, 2020, the Court held a hearing. On September 17, 2020, the Court issued an Order, denying Defendant's application. (ECF No. 302.)

On February 26, 2021, Defendant filed a renewed Emergency Motion for Sentence Reduction, again pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 333), which the Government

opposed on March 16, 2021 (ECF No. 341), and Defendant replied to on March 24, 2021 (ECF No. 342). On April 29, 2021, Defendant filed supplemental briefing (ECF No. 346) and the Government responded on May 7, 2021 (ECF No. 347).

Defendant principally argues that her medical conditions have worsened since last fall; the facility where she resides, FMC Carswell, has provided Defendant with inadequate medical care; and that there are sentencing disparities between Defendant's sentence and that of a Co-Defendant. (ECF Nos. 334, 346.) For the following reasons, Defendant's renewed motion is DENIED.

## LEGAL STANDARD

18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify or reduce the terms of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A court must find that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). A court must also consider the factors set forth in section 3553(a) to the extent that they are applicable. *Id.* § 3582(c)(1)(A).

"The authority to define 'extraordinary and compelling reasons' has been granted to the United States Sentencing Commission, which has defined that term at U.S.S.G. § 1B1.13, comment n.11." *United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020) (citing *United States v. Ebbers*, No. 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4-5 (S.D.N.Y. Jan. 8, 2020)). "Relevant here, the Commission's policy statement and its corresponding commentary . . . . state that a court may reduce a sentence for 'extraordinary

and compelling reasons,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *United States v. Hernandez*, No. 18 Cr. 834-04 (PAE), 2020 WL 1684062, at *2 (S.D.N.Y. Apr. 2, 2020) (quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)). The defendant must also not be "a danger to the safety of any other person or to the community," and "the reduction must be consistent with [the Commission's] policy statement." *United States v. Ramos*, No. 14 Cr. 484 (LGS), 2020 WL 165812, at *1 (S.D.N.Y. Apr. 7, 2020) (citing U.S.S.G. § 1B1.13(2)-(3).)

The Section 3582(c)(1)(A) analysis requires courts to "consider[] the factors set forth in section 3553(a) to the extent they are applicable." *United States v. Gentille*, No. 19 Cr. 590 (KPF), 2020 WL 1814158, at *4 (S.D.N.Y. Apr. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). The factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." *Ramos*, 2020 WL 1685812 at *2 (quoting 18 U.S.C. § 3553(a)).

# DISCUSSION

## I. JURISDICTION

The Government contends that this Court lacks jurisdiction because Defendant has an appeal pending before the Second Circuit. (ECF No. 341 at 1-2.) However, on September 1, 2020, the Second Circuit remanded for the limited purpose of considering Defendant's compassionate release motion. That motion was denied, without prejudice to renew. Further, the Second Circuit has expressed a general desire to avoid having COVID-19 compassionate release motions cases "yo-yo" between the district court and Court of Appeals. *United States v. Roney*, 844 F. App'x 850, 855 (2d Cir. 2020). Therefore, the Court finds that Defendant's renewed motion is within the Court's jurisdiction.

## II. EXTRAORDINARY AND COMPELLING REASONS

This Court previously found that Defendant is prediabetic, anemic, suffers from early COPD and hypertension, and has a history of blood clotting. (ECF No. 276, Ex. B at 4.) The CDC lists COPD, hypertension, and obesity as risk factors for severe illness from COVID-19. *See* CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 12, 2021). Defendant also reports suffering from a multitude of other diseases and reports that she suffers from lasting complications from her COVID-19 infection in August 2020. (ECF No. 334 at 2, 9-10.)

Defendant further alleges that she has received inadequate care for her health issues while at FMC Carswell. Defendant alleges inadequate medical screening, being prescribed inappropriate medications, and being denied timely care. (*Id.* at 10.) She further alleges that "[s]he spoke to a urologist over the phone, who opined that [Defendant] needs to visit a urologist immediately" but FMC Carswell has not permitted her to do so, that her hernia has worsened,

4

and that a nurse practitioner told Defendant that she may have cervical and/or breast cancer. (ECF No. 345 at 2.)

In its September 17, 2020 Opinion, the Court found the presence of extraordinary and compelling reasons. Since that time, the spread of COVID-19 has decreased significantly. According to the Government, as of March 16, 2021, FMC Carswell had only three active inmate cases (out of 1,320 total inmates) and one active staff case. (ECF No. 347 at 2.) The BOP has administered over 166,348 doses of the COVID-19 vaccine and Defendant was offered, and declined to take, the COVID-19 vaccine twice on December 18, 2020 and February 23, 2021.[1] Additionally, Defendant was previously infected with COVID-19 and, although data regarding reinfection was unclear at the time of the Court's September 2020 Opinion, the CDC now reports that "[c]ases of reinfection with COVID-19 have been reported, but remain rare." CDC, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited May 12, 2021). As such, Defendant's risk of suffering severe medical consequences from COVID-19 has decreased significantly since September 2020.

### III. 18 U.S.C. § 3553(a) FACTORS

Even if the Court were to find the existence of extraordinary and compelling reasons, the same factors that justified denial of Defendant's previous compassionate release application still warrant denial of this application. Defendant was the architect of a serious and complex crime that involved large sums of money and many victims. ECF No. 288 at 31. Defendant argues that there is a sentencing disparity between her and her Co-Defendant, Rocco Cermele ("Cermele"). However, the roles Defendant and Cermele played in the scheme were materially different and justify the difference in sentence. Defendant has only served approximately 28 months of her 132-month sentence, or approximately 21% of the total. A release after serving such a short

---

[1] The Court notes that while Defendant opines as to why she should not take the COVID-19 vaccine, which would further lower Defendant's risk of infection, Defendant fails to produce any documentation from a medical professional indicating that it would be unsafe for her to do so.

5

portion of Defendant's sentence would not serve the principles of deterrence or reflect the seriousness of the crime she committed. *See, e.g., United States v. Itzchaki*, 16 CR 236 (VM) and 17 CR 262 (VM), 2020 WL 4194800, at *2 (S.D.N.Y. July 21, 2020) (rejecting compassionate release application on basis that section 3553(a) factors counseled against release because, in part, defendant served approximately 14 percent of his sentence, which was imposed for two separate fraud schemes); *Zemlyansky*, 2020 WL 3638425, at *2 (rejecting compassionate release application where defendant only served 33% of sentence); *Danilovich*, 12-CR-171-02 (JPO), 2020 WL 3642246, at *2 (S.D.N.Y. July 6, 2020) (rejecting compassionate release application where defendant only served 16% of sentence). As such, Defendant's motion is denied.

## IV.   INADEQUATE MEDICAL CARE

Defendant indicates that medical professionals have determined she needs to see a urologist and that she may have breast and/or cervical cancer. The Court directs the BOP to ensure Defendant receives an evaluation and appropriate treatment from a urologist and an evaluation and appropriate treatment from a qualified medical professional for her potential breast and/or cervical cancer.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 333.

Dated: May 13, 2021  SO ORDERED.
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge