USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

JACQUELINE GRAHAM,
                          Defendant.

No. 16 CR 786 (NSR) (02)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

On June 12, 2019, Defendant Jacqueline Graham ("Defendant") was convicted following a jury trial of Conspiracy to Commit Mail, Bank and Wire Fraud in violation of 18 U.S.C. § 1349. On February 28, 2020, the Court sentenced Defendant to 132 months' imprisonment, followed by five (5) years of supervised release. Along with executing a judgment of conviction, the Court issued an Order of Restitution in the amount of $694,450.00 and an Order of Forfeiture in the amount of $138,941.86.

On June 4, 2020, Defendant filed an Emergency Motion for Sentence Reduction, commonly referred to as a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 275.) Following oral argument on this motion, the Court determined it lacked jurisdiction to entertain the motion. *See* Fed. R. Crim. P. 37. However, by order of the U.S. Court of Appeals, the matter was remanded to this Court for the purpose of adjudicating this motion. (*See* ECF No. 296.) On September 17, 2020, the Court issued an Order denying Defendant's application. (ECF No. 302.) Although the Court found that Defendant met the standard for "extraordinary and compelling [medical] reasons," it decided that the 18 U.S.C. § 3553(a) factors outweighed this finding because Defendant committed a serious and complex crime and had served less than 20% of her total sentence. (*Id.*, at 7.)

On February 26, 2021, Defendant filed a renewed Emergency Motion for Sentence Reduction, again pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 333), which the Government opposed on March 16, 2021 (ECF No. 341), and Defendant replied to on March 24, 2021 (ECF No. 342). Subsequently, on April 29, 2021, Defendant filed supplemental briefing (ECF No. 346), to which the Government responded on May 7, 2021 (ECF No. 347). On May 13, 2021, the Court issued an Order denying Defendant's application. (ECF No. 348.) Specifically, the Court noted that Defendant's risk of contracting COVID-19 was significantly decreased from the time of her initial application for compassionate release (i.e., from the Summer of 2020), which suggested that there no longer existed "extraordinary and compelling reasons" to justify a sentence reduction. (*Id.*, at 4-5.) The Court also recognized that Defendant had served too little of her total sentence (at that time, Defendant had served only 21% of her total sentence) for a sentence reduction to serve the principles of deterrence or reflect the seriousness of her crime. (*Id.*, at 5.)

On January 31, 2023, Defendant filed the instant motion for a second renewed request for sentence reduction or, in the alternative, a modification to home detention, again pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion"). The Government opposed the Motion on February 17, 2023 (ECF No. 373), and Defendant replied to the Government's opposition on February 23, 2023 (ECF No. 377). Defendant argues that she has met the standard for "extraordinary and compelling [medical] reasons," because: (1) her medical conditions have worsened since the Court denied her second application for compassionate release, partly due to inadequate medical care; and (2) the risk of infection from COVID-19 remains high at FMC Carswell. (*See* ECF Nos. 334, 346.) Additionally, Defendant claims that the 18 U.S.C. § 3553(a) weigh in favor of granting her application because: (1) there are sentencing disparities between Defendant's sentence and that of her Co-Defendants; and (2) Defendant has already served a significant portion of her sentence.

2

(*Id.*) For the following reasons, Defendant's second renewed motion for compassionate release is DENIED.

## LEGAL STANDARD

18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify or reduce the terms of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A court must find that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). A court must also consider the factors set forth in section 3553(a) to the extent that they are applicable. *Id.* § 3582(c)(1)(A).

"The authority to define 'extraordinary and compelling reasons' has been granted to the United States Sentencing Commission, which has defined that term at U.S.S.G. § 1B1.13, comment n.11." *United States v. Zukerman*, 451 F. Supp. 3d 329, 335 (S.D.N.Y. 2020) (citing *United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4-5 (S.D.N.Y. Jan. 8, 2020)). "Relevant here, the Commission's policy statement and its corresponding commentary . . . . state that a court may reduce a sentence for 'extraordinary and compelling reasons,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *United States v. Hernandez*, No. 18 Cr. 834-04 (PAE), 2020 WL 1684062, at *2 (S.D.N.Y. Apr. 2, 2020) (quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)). The defendant must also not be "a danger to the safety of any other

3

person or to the community," and "the reduction must be consistent with [the Commission's] policy statement." *United States v. Ramos*, No. 14 Cr. 484 (LGS), 2020 WL 165812, at *1 (S.D.N.Y. Apr. 7, 2020) (citing U.S.S.G. § 1B1.13(2)-(3)).

The Section 3582(c)(1)(A) analysis requires courts to "consider[] the factors set forth in section 3553(a) to the extent they are applicable," although a Court is not limited to considering reasons articulated by the United States Sentencing Commission. *United States v. Gentille*, No. 19 Cr. 590 (KPF), 2020 WL 1814158, at *4 (S.D.N.Y. Apr. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)); *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *see also United States v. Phillibert*, 15 Crim. 647, 2021 WL 3855894, at *3 (S.D.N.Y. Aug. 27, 2021) (explaining that Brooker clarified the reach of the Sentencing Commission's guidance defining "extraordinary and compelling"). Section 3582 grants a district court "broad" discretion and, under the statute, the court can "for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place." *Gentille*, WL 1814158, at *4.  The factors set forth in section 3553(a) include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." *Ramos*, 2020 WL 1685812 at *2 (quoting 18 U.S.C. § 3553(a)).

4

## DISCUSSION

I.   **EXTRAORDINARY AND COMPELLING REASONS**

This Court previously found that Defendant was prediabetic, anemic, suffers from early COPD and hypertension, and has a history of blood clotting. (ECF No. 276, Ex. B at 4.) Defendant now further reports that she suffers from, *inter alia*, lupus, diminished eyesight and eye infections, loss of her lower teeth, obesity, gastritis and ulcers, and diabetes. (ECF No. 371, at 4-5.)  The CDC lists diabetes, heart disease, COPD, hypertension, and obesity as risk factors for severe illness from COVID-19.  *See*  CDC,  People  with  Certain  Medical  Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical conditions.html (last visited May 1, 2023). Moreover, Defendant alleges that she has received inadequate care for her health issues while at FMC Carswell. (*See* ECF No. 371, at 4-6.)

In its September 17, 2020 Opinion, the Court found the presence of "extraordinary and compelling reasons" because Defendant suffered from the aforementioned litany of health issues that placed her at a heightened risk of suffering severe COVID-19 complications at a time when COVID-19 vaccines were unavailable. (*See* ECF No. 302.) However, in its May 13, 2021 Opinion, the Court concluded that Defendant's risk of suffering severe medical consequences from COVID-19 decreased since September 2020 because vaccines were available to Defendant and the spread of COVID-19 had decreased significantly. (*See* ECF No. 348.)

Today, Defendant continues to experience significant health issues that raise her risk of experiencing severe COVID-19 complications, for which she claims she has received inadequate medical care. As this Court previously explained, though, she has twice declined to take the COVID-19 vaccine and purportedly still refuses to do so. (ECF Nol. 373, at 6.) Defendant's refusal to take the COVID-19 vaccine despite its availability voids her argument that she satisfies the

standard for "extraordinary and compelling [medical] reasons" because her health conditions raise her risk of suffering severe medical consequences from COVID-19. *See United States v. Patel*, No. 21-1746, 2022 WL 1634454, at *2 (2d Cir. May 24, 2022) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an extraordinary and compelling reason for immediate release." (citation and quotation marks omitted)); *see also United States v. Van Manen*, No. 18-CR-30-3 (PAC), 2022 WL 842989, at *2 (S.D.N.Y. Mar. 22, 2022) (noting, "For the "vast majority of prisoners"—even those with underlying health conditions []—the ubiquitous availability of vaccines means that the risk of COVID-19 is no longer an extraordinary basis for release"); *United States v. Kornegay*, No. 13 CR. 428 (PAE), 2023 WL 2754264, at *5 (S.D.N.Y. Apr. 3, 2023) (noting, "As numerous courts have held, where a defendant claims comorbidities from COVID-19 but forgoes vaccination, those comorbidities are not an extraordinary and compelling reason warranting release…. the Court is unaware of any [cases] in which a defendant who declined vaccination secured compassionate release based on claims relating to the risk of exposure of COVID-19."). Defendant, therefore, cannot meet the standard for "extraordinary and compelling reasons" due to her risk of COVID-19 infection.[1]

Nevertheless, the Court concludes, in its discretion, that Defendant meets the standard for "extraordinary and compelling reasons" because she continues to suffer from numerous serious medical conditions for which, in some cases, FSM Carswell has not given her adequate treatment. Although the government provided voluminous medical records that suggest Defendant has

---

[1] Although the Court is sympathetic to the hardship caused by Defendant's powerlessness to care for her ailing husband, the inability to care for one's ailing family member also does not constitute an "extraordinary and compelling reason" for the Court to reduce Defendant's sentence. *United States v. Mojica*, No. 19-CR-629 (CS), (S.D.N.Y. Nov. 16, 2020) (ECF Dkt. No. 30) (noting that, post-Brooker, a defendant's need to care for his ailing mother and child with special needs does not constitute an "extraordinary and compelling reason" warranting compassionate release).

received effective treatment for a few of her medical conditions (including her poor eyesight and hypertension), Defendant alleges that FSM Carswell continues to fail to adequately treat several others (including her kidney and endometrium-related conditions) and that she consequently continues to suffer from a multitude of physical impairments and illnesses. (*See* ECF Nos. 373-1, 377)[2]; *see also United States v. Hernandez*, No. 18 Cr. 834-04 (PAE), 2020 WL 1684062, at *2 (S.D.N.Y. Apr. 2, 2020) (quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)) (recognizing that a court in this district may find the existence of "extraordinary and compelling reasons" where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover").

## II.     18 U.S.C. § 3553(a) FACTORS

Although Defendant meets the standard for "extraordinary and compelling reasons," the same 18 U.S.C. § 3553(a) factors that justified the denial of Defendant's previous two compassionate release applications merit the denial of this application.[3] Now for the third time, the Court notes that Defendant was the architect of a serious and complex crime that involved large sums of money and many victims. Moreover, and as the Court likewise stated previously, although

---

[2] Courts typically find that the standard for "extraordinary and compelling reasons" is not met where the BOP adequately monitored and managed health conditions as serious as those that Defendant reports (unlike here where Defendant has not received satisfactory treatment). *See United States v. Bradley*, No. 19 CRIM. 632, 2023 WL 3004660, at *2 (S.D.N.Y. Apr. 19, 2023) (noting that Defendant failed to demonstrate "extraordinary and compelling reasons" necessitating his immediate release where his health records indicate that the BOP is monitoring and managing his serious health conditions "in an adequate manner"); *see also United States v. Mood*, No. 19 Crim. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying compassionate release to a defendant with diabetes, hypertension, and obesity, among other conditions, where "[t]here is no question that [the defendant] has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication.").

[3] "[T]he existence *vel non* of 'extraordinary and compelling reasons' determines only whether a defendant can be considered for release—the existence of such reasons does not mandate release." *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020); *see also United States v. Israel*, No. 05-CR-01039, 2019 WL 6702522, at *11 (S.D.N.Y. Dec. 9, 2019) ("A court is not required to reduce a sentence on compassionate release grounds, even if a prisoner qualifies for such reduction because of his medical condition.... [Section 3582] was drafted using the word 'may,' not 'must.'"). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Defendant argues that there is a sentencing disparity between her and her Co-Defendant, Rocco Cermele ("Cermele"), the roles Defendant and Cermele played in the scheme were materially different and thereby justify the difference in sentence. The Court adds here that Defendant failed to accept responsibility for her crimes unlike every other defendant charged in this case, including Cermele. *See United States v. Pirgousis*, 290 F. App'x 388, 391 (2d Cir. 2008) (summary order) (finding that two co-conspirators "were not similarly situated" because, *inter alia*, one co-conspirator "pleaded guilty, entitling him to credit under the Guidelines for acceptance of responsibility," while the other co-conspirator did not accept responsibility). Finally, the length of Defendant's remaining sentence also suggests that the Court should not grant her request for immediate release. Although "courts have found that compassionate release for defendants who have served the significant majority, at least two-thirds, of their sentences does not undermine sentencing goals," Defendant has only served about half of her sentence (ECF No. 377, at 3); her early release would thereby undermine the sentencing goals where, as here, the 18 U.S.C. § 3553(a) factors generally counsel against releasing Defendant early. *United States v. Clark*, No. 87 Cr. 817 (DC), 2021 WL 1066628, at *3 (S.D.N.Y. Mar. 28, 2021) (granting compassionate release to the defendant where he had served over 85 percent of his sentence); *see also United States v. Jasper*, No. 18 Cr. 390 (PAE), 2020 WL 1673140, (S.D.N.Y. Apr. 6, 2020) (granting compassionate release for the defendant where he had served 70 percent of her sentence).

### III.  INADEQUATE MEDICAL CARE

Defendant reports that medical professionals at FMC Carswell have failed to adequately treat a number of her medical conditions. The Court directs the BOP to ensure that Defendant receives: (1) an evaluation and appropriate treatment from a qualified medical professional for

potential cervical cancer; (2) appropriate treatment relating to her need for a biopsy of her endometrium; and (3) appropriate treatment for her kidney-related disorders.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 371.

Dated: May 3, 2023                                                           SO ORDERED.
      White Plains, New York

                                                                                 NELSON S. ROMÁN
                                                                              United States District Judge